UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS O. KENNARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>    Defendants. | No.  2:14-cv-1750 AC P<br><br><br>ORDER |

    Plaintiff is a civil detainee proceeding pro se and in forma pauperis is this civil rights action filed pursuant to 48 U.S.C. § 1983.  On January 15, 2015, the court ordered the United States Marshal to serve process in this action upon defendants San Joaquin County and Sheriff Steven Moore.  ECF No. 6.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs.  The Marshal was further directed to file the return of service with evidence of any attempt to secure a waiver of service and evidence of all costs subsequently incurred in effecting personal service.

    On May 28, 2015, the United States Marshal filed a return of service with a USM-285 form showing total charges of $190.38 for effecting personal service on defendant Moore.  ECF

1

No. 16. The return shows that a waiver of service form was mailed to the defendant on January 30, 2015, and that no response was received (although an answer was filed on March 31, 2015, on behalf of both defendant Moore and San Joaquin County).

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendant Sheriff Steven Moore was given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days after the filing date of this order, defendant Moore shall pay to the United States Marshal the sum of $190.38, unless within that time defendant files a written statement showing good cause for his failure to waive service. The court does not intend to extend this fourteen-day period.

2. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

SO ORDERED.

DATED: June 1, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE