UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS O. KENNARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>    Defendants. | No.  2:14-cv-1750 AC P<br><br><br><br>ORDER |

    Plaintiff, a civil detainee at Coalinga State Hospital (CSH), moves for an order compelling defendants' private counsel to provide plaintiff with a copy of the preliminary transcript of his July 16, 2015 deposition, for plaintiff's review, corrections and signature.  For the following reasons, defense counsel will be directed to provide plaintiff with a copy of the preliminary transcript for these purposes and to promptly inform the deposition officer that the transcript is not yet ready to be finalized.

    Plaintiff informs the court that, by letter dated August 6, 2015, received on August 13, 2015, he was advised by the attending deposition officer that the preliminary transcript was available for his review within the next 30 days at the officer's business location.  The next day, on August 14, 2014, plaintiff contacted defendants' counsel by telephone and requested a copy of the preliminary transcript for his review, corrections and signature.  Counsel denied plaintiff's request.

Although this court is without authority to direct defense counsel to provide plaintiff with a copy of his final deposition transcript, because such transcript is equally available to plaintiff,[1] this court may direct defense counsel to make the necessary arrangements to ensure plaintiff's receipt and appropriate review of the preliminary transcript,[2] to which plaintiff is entitled under the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 30(e).

Therefore, defense counsel is directed to provide to appropriate staff at CSH (the Executive Director of CSH or her designee) a copy of the preliminary transcript, together with Errata pages and a Declaration under Penalty of Perjury form, and to make arrangements for plaintiff's review and signing of these documents, and the return of the documents to the deposition officer for incorporation into the final deposition transcript.[3]  The court requests that CSH staff, in implementing such arrangements, permit plaintiff to read the preliminary transcript only for purposes of reviewing it, making any necessary corrections, and signing the declaration, without providing plaintiff with the means to photocopy or hand copy any portion of the transcript.

Accordingly, IT IS HEREBY ORDERED that:

1. Upon the date of service of this order, defense counsel shall promptly inform the deposition officer that the transcript of plaintiff's July 16, 2015 deposition is not yet ready to be

---

[1] Copies of final deposition transcripts are equally available to the parties upon payment to the deposition officer.  See Fed. R. Civ. P. 30(f)(3) (deposition officers shall provide a copy of a deposition transcript to the deponent or any party upon payment of reasonable charges).  A plaintiff's in forma pauperis status does not require the government to provide the plaintiff with a copy of his deposition transcript.  See e.g. Rodgers v. Martin, 2014 U.S. Dist. LEXIS 121528, *16 (E.D. Cal. Aug. 29, 2014) (collecting cases).  Moreover, a plaintiff cannot use the discovery process to obtain free copies of documents that are equally available to him.  See Jones v. Lundy, 2007 U.S. Dist. LEXIS 8141 at *1 (E.D. Cal. Jan. 25, 2007).  Thus, to obtain a copy of his final deposition transcript, plaintiff must pay for it himself, although defense counsel has discretion to provide plaintiff with such final copy.

[2] This court is without authority to direct the deposition officer, a nonparty, to provide such transcript and make arrangements for plaintiff's review.  Defense counsel is informed that these matters are routinely arranged by the defense attorneys with the Office of the California Attorney General without the necessity of court intervention.

[3] Such arrangements may take the form of a prearranged meeting at CSH between plaintiff and defense counsel (or her designee) at which time counsel could directly provide plaintiff with all necessary documents for review, await his review, and thereafter obtain all documents for their immediate return to the deposition officer.

finalized.

2. Defense counsel shall also promptly make the necessary arrangements with appropriate CSH staff to facilitate plaintiff's review of the preliminary transcript of his deposition, plaintiff's completion of the Errata pages, and plaintiff's signature on the Declaration under Penalty of Perjury form.

3. These matters shall be completed as soon as possible but no later than thirty (30) days after the filing date of this order.

4. Upon full compliance with this order, including the completion of plaintiff's review and the return of all documents to the deposition officer, defense counsel shall file and serve a statement of compliance.

5. Defense counsel is reminded that plaintiff does not have access to the court's electronic filing system or docket, and therefore service of all documents on plaintiff must be by mail or hand delivered, and each proof of service must be filed with the court.

DATED: September 10, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE